UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HOGUE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SACRAMENTO POLICE<br>DEPARTMENT, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0434-EFB P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

## Background

Plaintiff is a prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In his amended complaint plaintiff alleged that the Sacramento Chief of Police, in an effort to combat the opioid epidemic, had issued a memorandum urging his officers to "get creative" in looking for reasons to stop vehicles. ECF No. 11 at 6. Plaintiff alleges that, as a result of this policy, he was pulled over without cause. *Id.* at 9. When he questioned the officers (John Does I and II) as to why he had been stopped, they allegedly told him it was because he was "driving while black." *Id.* Plaintiff and his passenger were patted down and handcuffed while the officers searched plaintiff's car for drugs. *Id.* at 9-11.

On July 13, 2018, the court determined that plaintiff's amended complaint alleged a potentially cognizable claim against the Sacramento Police Department for having a policy of allowing its officers to conduct unlawful traffic stops in violation of the Fourth Amendment.

1

ECF No. 13 at 2. The court also determined that plaintiff had stated potentially cognizable Fourth Amendment and negligence claims against the Chief of Police. *Id.* However, the Sacramento Police Department and Chief of Police are not appropriate defendants. Instead, as noted in the pending motion to dismiss, the proper defendant for the foregoing claims is the City of Sacramento ("City"). *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (holding that an agency or department of a municipal entity is not a proper defendant under section 1983); *see also Shaw v. State of California Dept. of Alcoholic Beverage Control*, 788 F.2d 600 (9th Cir. 1986) ("As to the City, the policies of the Police Department became its policies because the policies set by the Department and its Chief may be fairly said to represent official [City] policy on police matters . . . and the City is liable for any deprivation of constitutional rights caused by the execution of official City policies."). The City argues that plaintiff's claim that his Fourth Amendment rights were violated by an unreasonable search and seizure and his negligence claims should be dismissed.

## Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

<u>Analysis</u>

As an initial matter, the court notes that plaintiff has not filed an opposition to the motion to dismiss. Instead, he has filed a motion to convert the motion to dismiss to one for summary judgment.[1] ECF No. 19. Therein, he argues that the declaration of Joe Crady – attached to the motion to dismiss – falls outside the pleadings. *Id.* at 1. The City concedes as much in its opposition but argues that it is not dispositive for the purposes of ruling on the motion to dismiss. ECF No. 20 at 3. Thus, it contends that the court should simply exclude the declaration and adjudicate the motion as a motion to dismiss under Rule 12(b)(6). Because the defendant has, in essence, withdrawn the declaration the court will not consider it and declines to convert this to motion for summary judgment under Rule 56.

Limiting the review to the face of the complaint, it is apparent that plaintiff's Fourth Amendment unreasonable search claim against the City should be dismissed. It is well established that, to establish liability against the City itself, plaintiff must sufficiently allege that an official policy or custom (of the City) was the moving force behind the alleged unreasonable search. *See Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997)

---

[1] The court specifically directed plaintiff to file either an opposition or statement of non-opposition to the motion to dismiss. ECF No. 18. The deadline for doing so has now elapsed and plaintiff has not complied. The motion to convert does not substitute for an opposition. The proper course, assuming plaintiff wished to challenge both the merits of the motion to dismiss and its procedural categorization, was to file both his motion to convert *and* a timely opposition.

("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."). Here, plaintiff has not alleged how he knows that the moving force behind the traffic stop was any custom or policy of the city. Rather, he describes the violation and then asserts, without alleging any supportive facts, that it must necessarily be attributed to a policy promulgated by the police chief. The Supreme Court has explicitly held that such conclusory allegations are insufficient:

> As our § 1983 municipal liability jurisprudence illustrates, however, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Id.* at 404. Here, plaintiff has not alleged facts which, taken as true, make the required showing.[2]

The lack of causal connection is compounded by the nebulous manner with which plaintiff describes the offending policy adopted by the City. As noted *supra*, plaintiff alleges that the City – by way of its police chief – effected a policy of "getting creative" in order to generate more traffic stops. ECF No. 11 at 15. This vague assertion leaves room for near infinite interpretation. It could, for instance, be interpreted as simply directing officers to use any and all lawful rationales to effect a stop where appropriate. It could also be interpreted as an unlawful directive to invent false rationales for stopping motorists or to target specific minorities. Elsewhere in the complaint, plaintiff does allege that the chief of police instituted a policy of "conduct[ing] blind drug sweeps based mainly upon racial profiling and economic profiling targeting minorities and citizens who appear to be low income." *Id.* at 13. He provides no context for this assertion, however, and it is unclear whether it is merely a clarification of the "creative" policy or an entirely separate policy. Moreover, he provides no allegation as to how he knows that it was the rationale underlying the traffic stop at issue in this case. The court recognizes that plaintiff does

---

[2] And, as the City correctly notes in its motion, "proof of random acts or isolated events are insufficient to establish custom." *Thompson v. Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989).

claim that one of the officers who stopped him derisively referred to "driving while black", but it is unclear from the complaint why this remark should necessarily be attributed to any policy rather than racial animus particular to that officer.[3]

The court also finds it appropriate to dismiss plaintiff's negligence claim against the City. It is well settled that that state law negligence claims are barred unless they are, consistent with the California Tort Claims Act, timely presented to the public entity before commencing suit. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). "Where compliance with the Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer." *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing *Snipes v. City of Bakersfield*, 145 Cal.App.3d 861 (1983)). Plaintiff has failed to do so.

<u>Conclusion</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The court declines to consider the declaration of Joe Crady (ECF No. 17-2) attached to defendant's motion to dismiss and, on that basis, plaintiff's motion to convert the motion to one for summary judgment (ECF No. 19) is DENIED; and

2. The Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that defendants' motion to dismiss (ECF No. 17) be GRANTED and plaintiff's claim that his Fourth Amendment rights were violated by unreasonable search and seizure and his state law negligence claim be DISMISSED without prejudice as to defendant City of Sacramento.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[3] To be clear, plaintiff would not be without recourse in the event that he could not show that a custom or policy of the City was the moving force behind the unlawful search. Rather, as the City suggests, he might have cognizable claims against the individual officers. ECF No. 17-1 at 4.

5

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE